# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 3:07-CR-445 |
| v. | (JUDGE CAPUTO) |
| LUIS ANTONIO DUTTON-MYRIE, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Luis Antonio Dutton-Myrie's First Motion to Dismiss the Indictment (Doc. 87.) Because the Defendant fails to meet the statutory criteria for making a collateral challenge to the prior removal order, his motion to dismiss will be denied.

## BACKGROUND

Defendant Luis Antonio Dutton-Myrie ("Dutton-Myrie") was born on January 11, 1969 in Colon, Panama. (Doc. 87 ¶ 4.) He entered the United States on January 11, 1991 at Miami, Florida pursuant to a lawfully issued visa. (Doc. 87 ¶ 5.) On April 13, 1998, Dutton-Myrie appeared before an Immigration Judge for a removal proceeding. (Doc. 87 ¶ 7.) Dutton-Myrie was represented by counsel at the removal proceeding. (Doc. 87 ¶ 8.) At the conclusion of the removal proceeding, the Immigration Judge ordered that Dutton-Myrie be deported. (Doc. 87 ¶ 9; Deportation Order, Doc. 87, Ex. A.) Dutton-Myrie argues that this

removal proceeding was fundamentally unfair for seven reasons:[1] (1) the proceeding was conduct in English and at the time, Dutton-Myrie did not speak or understand the English language well enough to participate; (2) no interpreter was provided for him; (3) Dutton-Myre's counsel was ineffective; (4) Dutton-Myrie was never presented with a Spanish language wavier form; (5) Dutton-Myrie was not advised of his right to appeal either by the order or by being provided with INS form I-618; (6) Dutton-Myrie was not advised of his right to seek discretionary relief pursuant to 8 U.S.C. § 1182(c) and (h), and § 1254(a); (7) there is no accurate transcript or audible recording which exists.[2]

On November 7, 2007, Dutton-Myrie was charged in an Indictment by the Grand Jury for the Middle District of Pennsylvania with illegal re-entry in violation of 8 U.S.C. § 1326(a) and (b)(2). (Doc. 1.) On November 8, 2007, Dutton-Myrie was arraigned and pled "not guilty" to these charges. (Doc. 11.) On June 22, 2009, Dutton-Myrie filed the present motion to dismiss the indictment, challenging that the underlying deportation order was procedurally defective. (Doc. 87.) This motion has been fully briefed and is now ripe for disposition.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b), a defendant may file a pretrial motion raising "any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). When charged with a violation of 8 U.S.C.

---

[1] Dutton-Myrie alleges that there were twelve (12) procedural defects, but they are effectively summarized by the seven (7) listed here.

[2] Dutton-Myrie later conceded that a tape of the prior proceeding and transcript were available, and moved for the admission of both as exhibits during a December 17, 2009, hearing on his motion.

2

§ 1326, Congress has set forth three requirements before a collateral challenge may be made against the underlying removal order:

> (d) Limitation on collateral attack on underlying deportation order
>
> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that--
>
>> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>>
>> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>>
>> (3) the entry of the order was fundamentally unfair.

8 U.S.C. 1326(d). In order to bring a challenge against the underlying removal, a Defendant must satisfy all three requirements. *United States v. Torres*, 383 F.3d 92, 99 (3d Cir. 2004).

## DISCUSSION

The Supreme Court has held that "where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be *some* meaningful review of the administrative proceeding." *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987) (citation omitted). The Supreme Court continued, "[t]his principle means at the very least that where the defects in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense." *Id*. at 838. In 1996, Congress

codified the decision in *Mendoza-Lopez* in the language of § 1326(d), establishing three factors which must be demonstrated to collaterally challenge the underlying deportation proceeding. *Torres*, 383 F.3d at 98. Dutton-Myrie challenges both his 1998 deportation and the 2005 reinstatement of that determination. This Court may consider a challenge to both determinations, but only if the three factors under § 1326(d) are satisfied. *United States v. Charleswell*, 456 F.3d 347, 352 (3d Cir. 2006).

    A.    Exhaustion of Administrative Remedies

"To exhaust administrative remedies, an alien is generally required to appeal from an Immigration Judge's order to the Board of Immigration Appeals." *United States v. Sullivan* No. 00-cr-695, 2002 WL 31819611, at *5 (E.D.Pa. 2002) (quoting *United States v. Perez*, 213 F.Supp. 2d 229, 232 (E.D.N.Y.2002)). Dutton-Myrie admits, however, that he did not appeal the deportation order to the Board of Immigration. Instead, Dutton-Myrie asserts that he was not advised of his right to appeal the Immigration Judge's Order, including the ability to seek administrative review. After reviewing the transcript of the prior proceeding and considering the testimony of Dutton-Myrie, I find that Dutton-Myrie was never advised of his right to appeal the decision of the Immigration Judge, either orally or via an INS form. His failure to exhaust his administrative remedies is, therefore, excusable. *Charleswell*, 456 F.3d at 355; *United States v. Pallares-Galan*, 359 F.3d 1088, 1091 (9th Cir. 2004). Dutton-Myrie has satisfied the requirements of § 1326(d)(1) for making a collateral challenge.

    B.    Deprived of the Opportunity for Judicial Review

Dutton-Myrie argues that he did not have the opportunity to have judicial review of the prior proceeding. As the government acknowledges in their brief, Congress has chosen to

prohibit judicial review of final removal orders for aliens who commit certain crimes while in the United States. 8 U.S.C. §1252(a)(2)(C). An individual convicted of an aggravated felony, such as Dutton-Myrie,[3] is precluded from seeking judicial review. *Id*. § 1227(a)(2)(A)(iii). While *habeas corpus* relief may have been available to him at that time, the Third Circuit Court of Appeals has suggested that *habeas* relief should be distinguished from the opportunity to have judicial review. *Torres*, 383 F.3d at 101 (citing *INS v. St. Cyr*, 533 U.S. 289, 311-12 (2001)). Because Dutton-Myrie was deprived of the opportunity to seek judicial review, I find that the requirements of § 1326(d)(2) have been satisfied.

C. Fundamentally Unfair

The Third Circuit Court of Appeals has agreed with the decisions by other Circuit Courts of Appeal that "[i]n measuring whether an alien's removal proceeding was 'fundamentally unfair,' [the question is] whether the alien was denied due process." *Torres*, 383 F.3d at 103 (citations omitted). "'[F]undamental fairness is a question of procedure.'" *Id*. (quoting *United States v. Lopez-Ortiz*, 313 F.3d 225, 230-31 (5th Cir. 2002)). "Aliens in removal proceedings are entitled to due process, though the procedural protections accorded to them in that context measure less than the panoply available to a criminal defendant." *Id*. In a removal proceeding, due process requires that an alien be given: "(1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." *Charleswell*, 456 F.3d at 351 (quoting *Torres*, 383 F.3d at 98-99). Dutton-Myrie clearly had an administrative hearing. Dutton-

---

[3] In 1992, Dutton-Myrie was convicted of possession with the intent to deliver cocaine in York County, Pennsylvania. (Doc. 89, Ex. 4 and 5.) In 1993, he was convicted of delivery of cocaine. (Doc. 89, Ex. 4 and 6.) Aggravated felonies are defined in 8 U.S.C. § 1101(a)(43), and the term includes at (B) "illicit trafficking in a controlled substance."

Myrie admits that he had counsel at that proceeding, and that he had spoken with his counsel and an interpreter before the date of the administrative hearing. This provided him with an opportunity to discuss the charges with counsel beforehand, and the opportunity to discuss any arguments he wished counsel to make on his behalf. I find that this opportunity, combined with the portion of the proceedings which Dutton-Myrie could comprehend,[4] provided him with effective notice of the charges against him and an opportunity to be heard. Therefore, I find that while the deportation proceedings may not have comported with the due process standards for a criminal guilty plea, Dutton-Myrie was given sufficient process for an immigration deportation proceeding.

Dutton-Myrie argues that he was deprived of due process because he was never informed of the ability to seek discretionary relief. Courts that have considered this argument "have held that because discretionary relief is necessarily a matter of grace rather than of right, aliens do not have a due process liberty interested in consideration for such relief." *Torres*, 383 F.3d at 104. Dutton-Myrie also argues that the failure to provide him with the standard INS forms was also a deprivation of due process. While the failure to provide such forms excuses his failure to exhaust administrative appeals, it does not necessarily render the proceedings fundamentally unfair. *United States v. McCalla*, 821 F.Supp. 363, 369 (E.D. Pa. 1993). Similarly, even if he was not fully informed of his right to appeal, this does not

---

[4] Even assuming, *arguendo*, that Dutton-Myrie did not comprehend all of the administrative hearing because of a language barrier, an evaluation of the evidence presented demonstrates he could comprehend at least a reasonable portion of it. Dutton-Myrie acknowledges that he knew some English at that time, and that he was able to communicate effectively with a judge at each of his two prior criminal guilty pleas. Even assuming that he did not comprehend certain legal terminology such as "appeal," I find that he knew a sufficient amount to understand the charges against him and to enable him to respond.

render the immigration proceedings fundamentally unfair. While in a criminal prosecution the failure to inform a defendant of his appellate rights would likely violate procedural due process, in an immigration proceeding a lower standard is utilized. *Torres*, 383 F.3d at 103 (citations omitted). Dutton-Myrie was only required to have *an fair opportunity* to be heard, not to be informed of all potential opportunities. Because Dutton-Myrie was given a fair opportunity at the immigration proceedings to respond to the charges against him, I find that the proceedings were not fundamentally unfair.

Additionally, a defendant making a collateral challenge under § 1326(d) must demonstrate that he was prejudiced by the defect; he must demonstrate that there was "a reasonable likelihood that the result would have been different if the error in the deportation proceeding had not occurred." *Charleswell*, 456 F.3d at 361-62 (citations omitted). Dutton-Myrie concedes that he was present in the United States beyond the time frame permitted by his visa, and that he was at the time of the 1998 deportation a convicted felon. Under 8 U.S.C. § 1228(c) an alien convicted of an aggravated felony shall be conclusively presumed to be removable from the United States. Therefore, regardless of any procedural defects Dutton-Myrie would have been removed from the United States. Because Dutton-Myrie fails to satisfy the requirements of § 1326(d)(3), he may not collaterally challenge the underlying deportations.

**CONCLUSION**

Because Dutton-Myrie fails to satisfy the statutory requirements necessary to make a collateral attack on his prior deportation, his motion to dismiss the indictment will be denied.

An appropriate order will follow.


 December 21, 2009                                                 /s/ A. Richard Caputo
Date                                                                     A. Richard Caputo
                                                                                           United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 3:07-CR-445 |
|---|---|
| v. | (JUDGE CAPUTO) |
| LUIS ANTONIO DUTTON-MYRIE, | |
| Defendant. | |

## **ORDER**

**NOW**, this <u>21st</u> day of December, 2009, **IT IS HEREBY ORDERED THAT** Defendant Luis Antonio Dutton-Myrie's First Motion to Dismiss the Indictment (Doc. 87) is **DENIED**.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge